**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

AMY MARIE DRUM,

        Plaintiff,

vs.                                    No. CIV 24-0587 JB/GBW

MILAN POLICE DEPARTMENT; TONY
MACE; MICHAEL LOPEZ; AL LOPEZ; LOU
LOPEZ; MELISSA LOPEZ and JOSEPH
LOPEZ.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court, under 28 U.S.C. §§ 1331-1332, on the
Plaintiff's Complaint, filed June 10, 2024 (Doc. 1)("Complaint").  Plaintiff Amy Marie Drum
appears pro se.  For the reasons set out below, the Court will dismiss this case without prejudice
for lack of jurisdiction.

**PROCEDURAL BACKGROUND**

The Complaint contains: (i) a document titled "Case Detail" regarding criminal charges
against Drum with charge dates of May 23, 2024, Complaint at 1-2; (ii) another page, which states,
among other things, that "ROBERT JAMES IS HUMAN TRAFFICKING MY FAMILY AND
RELIGIOUSLY PERSECUTING US.  REDBOLT INTERNT [sic] HAS BEEN ILLEGALLY
SPYING AND VIOLATING OUR CIVIL RIGHTS," Complaint at 3 (capitalization in original);
(iii) another document titled "Case Detail" regarding a criminal charge against Drum with a charge
date of May 3, 2024, Complaint at 4-5; (iv) a document titled "JUNE 4, 2024, PETITION OF
AMY MARIE DRUM VOLUME II" addressed "TO THE UNITED STATES OF AMERICA
GOVERNMENT," which makes various requests related to allegations of theft and discrimination
against Drum and others, Complaint at 6, 8 (capitalization in original); (v) an "Arrest/Booking

Report" regarding Drum dated May 24, 2024, Complaint at 7; and (vi) a document regarding a report by Drum to the Albuquerque Police Department, see Complaint at 9.

On June 18, 2024, the Honorable Gregory B. Wormuth, Chief United States Magistrate Judge for the United States District Court for the District of New Mexico, notified Drum:

> The Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure. As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

> The Complaint does not clearly identify the Defendants against whom Plaintiff is asserting claims and fails to state with particularity what each Defendant did to Plaintiff, when each Defendant committed the actions, how those actions harmed Plaintiff or what specific legal right Plaintiff believes each Defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

> It appears Plaintiff may be asserting claims against the Milan Police Department. *See* [Complaint] at 6, 8 (stating "I am requesting the qualifications and licensure of every Milan Police Department employee from 1980 to June 4, 2024"). "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010)(*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)(holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).

> It also appears Plaintiff may be asserting claims on behalf of other persons. *See* [Complaint] at 6, 8 (stating "I am asking for all acts of discrimination against Virginia Marie Drum, Manuel Jose Mancillas, Stella Marie Mancillas, Anthony Michael Mancillas, [Plaintiff], and Danny Duane Drum to stop immediately"). "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).

   Plaintiff asks for five persons "to be criminally prosecuted in a federal court for all violations of law."  [Complaint] at 6, 8. "[C]riminal statutes do not provide for private civil causes of action."  *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Order to Cure Deficiency and Order for Amended Complaint at 2-4, filed June 18, 2024 (Doc. 3)("Order").  Chief Magistrate Judge Wormuth orders Drum to file an amended complaint and notifies Drum that failure to timely file an amended complaint may result in this case's dismissal. See Order at 6.  Drum did not file an amended complaint by the July 9, 2024, deadline, and has not filed an amended pleading by the time the Court filed this Memorandum Opinion and Order.

## LAW REGARDING PRO SE LITIGANTS

   When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[I]f the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110.  The Court, however, will not "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110.  "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING DIVERSITY JURISDICTION

   "Subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that 'the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs.'"[1] <u>Thompson v. Intel Corp.</u>, No. CIV 12-0620, 2012 WL 3860748,

at *12 (D.N.M. August 27, 2012)(Browning, J.)(citing 28 U.S.C. § 1332(a)).   As the Court

---

[1]The Constitution of the United States permits -- but does not mandate -- Congress to authorize an even broader scope of federal subject-matter jurisdiction than Congress has chosen to enact: "The judicial power shall extend to all cases, in law and equity, . . . between citizens of different states." U.S. Const. art. III, § 2, cl. 1.  This clause permits federal jurisdiction: (i) in cases with minimum diversity -- those in which any one party is a citizen of a different state than any opposing party -- in addition to cases with complete diversity; and (ii) in cases in which the amount in controversy is below the statutory amount-in-controversy requirement.  <u>See</u> <u>State Farm Fire & Cas. v. Tashire</u>, 386 U.S. 523 (1967).

For the federal courts to have jurisdiction over a matter, however, jurisdiction must be both Constitutionally empowered and Congressionally authorized. The Honorable John J. Sirica, then-Chief United States District Judge for the District of Columbia, has stated:

> For the federal courts, jurisdiction is not automatic and cannot be presumed. Thus, the presumption in each instance is that a federal court lacks jurisdiction until it can be shown that a specific grant of jurisdiction applies. Federal courts may exercise only that judicial power provided by the Constitution in Article III and conferred by Congress. All other judicial power or jurisdiction is reserved to the states. And although plaintiffs may urge otherwise, it seems settled that federal courts may assume only that portion of the Article III judicial power which Congress, by statute, entrusts to them. Simply stated, Congress may impart as much or as little of the judicial power as it deems appropriate and the Judiciary may not thereafter on its own motion recur to the Article III storehouse for additional jurisdiction. When it comes to jurisdiction of the federal courts, truly, to paraphrase the scripture, the Congress giveth, and the Congress taketh away.

<u>Senate Select Comm. on Pres. Campaign Activities v. Nixon</u>, 366 F. Supp. 51, 55 (D.D.C. 1973) (footnotes omitted). The complete-diversity and amount-in-controversy requirements are two ways in which Congress has authorized a narrower scope of subject-matter jurisdiction than the full measure that the Constitution permits. Congress similarly has narrowed federal-question jurisdiction. Congress may authorize federal "arising under" jurisdiction over all cases in which "the constitution[] forms an ingredient of the original cause" of action. U.S. Const. art. III, § 2, cl. 1 ("The judicial power shall extend to all cases, in law and equity, arising under this Constitution . . . .").

> We think, then, that when a question to which the judicial power of the Union is extended by the constitution, forms an ingredient of the original cause, it is in the power of Congress to give the Circuit Courts jurisdiction of that cause, although other questions of fact or of law may be involved in it.

previously has explained, "[t]he Supreme Court of the United States has described this statutory diversity requirement as 'complete diversity,' and it is present only when no party on one side of a dispute shares citizenship with any party on the other side of a dispute."  McEntire v. Kmart Corp., No. CIV 09-0567, 2010 WL 553443, at *3 (D.N.M. February 9, 2010) (Browning, J.)(citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267-68 (1806), overruled in part by Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149 (1908); McPhail v. Deere & Co., 529 F.3d 947, 951 (10th Cir. 2008)).  The amount-in-controversy requirement is an "estimate of the amount that will be put at issue in the course of the litigation."  Valdez v. Metro. Prop. & Cas. Ins. Co., No. CIV 11-0507, 2012 WL 1132374, at *15 (D.N.M. March 19, 2012)(Browning, J.)(citing McPhail v. Deere & Co., 529 F.3d at 956).  The Court will discuss the two requirements in turn.

    **1.**       **Diversity of Citizenship.**

      For diversity jurisdiction purposes, a person's domicile determines citizenship. See Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983).  "A person's domicile is defined as the place in which the party has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit."  McEntire v. Kmart Corp., 2010 WL 553443, at *3 (citing Crowley v. Glaze, 710 F.2d at 678).  See Freeport-McMoRan, Inc. v. KN Energy, Inc., 498 U.S. 426, 428 (1991)("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").  If neither a person's residence nor

---

Osborn v. Bank of U.S., 22 U.S. 738, 822 (1824)(Marshal, C.J.).  The federal-question jurisdiction statute, however, requires that a substantial, actually disputed question of federal law be present on the face of the well-pleaded complaint, and that the federal question's resolution is necessary to the disposition of the claim over which jurisdiction is being asserted.  See 28 U.S.C. § 1331; Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 154 (1908).

the location where the person has an intent to remain can be established, the person's domicile is that of his or her parents at the time of the person's birth.  See Gates v. Comm'r of Internal Revenue, 199 F.2d 291, 294 (10th Cir. 1952)("[T]he law assigns to every child at its birth a domicile of origin. The domicile of origin which the law attributes to an individual is the domicile of his parents. It continues until another domicile is lawfully acquired.").  Additionally, "while residence and citizenship are not the same, a person's place of residence is prima facie evidence of his or her citizenship."  McEntire v. Kmart Corp., 2010 WL 553443, at *3 (citing State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994)).  A corporation, on the other hand, is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  Gadlin v. Sybron Int'l Corp., 222 F.3d 797, 799 (10th Cir. 2000)(quoting 28 U.S.C. § 1332(c)(1)).

   2.   **Amount in Controversy.**

   The statutory amount-in-controversy requirement, which presently stands at $75,000.00, must be satisfied between a single plaintiff and a single defendant for a federal district court to have original jurisdiction over the dispute; "a plaintiff cannot aggregate independent claims against multiple defendants to satisfy the amount-in-controversy requirement," nor can multiple plaintiffs aggregate their claims against a single defendant to exceed the threshold.  Martinez v. Martinez, No. CIV 09-0281, 2010 WL 1608884, at *18 (D.N.M. March 30, 2010)(Browning, J.).  If multiple defendants are jointly liable, or jointly and severally liable, on some of the claims, however, the amounts of those claims may be aggregated to satisfy the amount-in-controversy requirement as to all defendants jointly liable for the claims.  See Alberty v. W. Sur. Co., 249 F.2d 537, 538 (10th Cir. 1957); Martinez v. Martinez, 2010 WL 1608884, at *18.  Similarly, multiple plaintiffs may aggregate the amounts of their claims against a single defendant if the claims are not "separate and

distinct." <u>Martin v. Franklin Capital Corp.</u>, 251 F.3d 1284, 1292 (10th Cir. 2001)(Seymour, C.J.),

<u>abrogated on other grounds by</u> <u>Dart Cherokee Basin Operating Co. v. Owens</u>, 574 U.S. 81 (2014).

Multiple claims by the same plaintiff against the same defendant may be aggregated, even if the

claims are entirely unrelated.  <u>See</u> 14A Charles A. Wright & Arthur R. Miller, <u>Federal Practice</u>

<u>and Procedure, Jurisdiction</u> § 3704, at 566-95 (4th ed. 2011).  While the rules on aggregation sound

complicated, they are not in practice: if a single plaintiff -- regardless whether he or she is the only

plaintiff who will share in the recovery -- can recover over $75,000.00 from a single defendant --

regardless whether the defendant has jointly liable co-defendants -- then the court has original

jurisdiction over the dispute between that plaintiff and that defendant.  The court can then exercise

supplemental jurisdiction over other claims and parties that "form part of the same case or

controversy under Article III," 28 U.S.C. § 1367(a), meaning that they "derive from a common

nucleus or operative fact," <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 725 (1966).

Satisfaction of the amount-in-controversy requirement must be established by a

preponderance of the evidence.  <u>See</u> <u>McPhail v. Deere & Co.</u>, 529 F.3d at 953.  In the context of

establishing an amount-in-controversy, the defendant seeking removal could appear to be bound

by the plaintiff's chosen amount of damages in the complaint, which would seem to allow a

plaintiff to avoid federal jurisdiction "merely by declining to allege the jurisdictional amount [in

controversy]." <u>McPhail v. Deere & Co.</u>, 529 F.3d at 955. T he United States Court of Appeals for

the Tenth Circuit's decision in <u>McPhail v. Deere & Co.</u> has foreclosed such an option from a

plaintiff who wishes to remain in state court.  <u>McPhail v. Deere & Co.</u> holds that a defendant's

burden in establishing jurisdictional facts is met if the defendant proves "jurisdictional facts that

make it possible that $75,000 is in play."  529 F.3d at 955.  The Supreme Court has clarified that

a defendant seeking removal to federal court need only include in the notice of removal a plausible

allegation that the amount in controversy exceeds the jurisdictional threshold.  See Dart Cherokee Basin Operating Co. v. Owen, 574 U.S. at 89.  The district court should consider outside evidence and find by a preponderance of the evidence whether the amount in controversy is satisfied "only when the plaintiff contests, or the court questions, the defendant's allegation."  Dart Cherokee Basin Operating Co. v. Owen, 574 U.S. at 89.

## LAW REGARDING FEDERAL-QUESTION JURISDICTION

A federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Federal question jurisdiction exists when "a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)(citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936)).  As "the master of the claim," the plaintiff may choose to sue in state court rather than in federal court "by exclusive reliance on state law."  Caterpillar, Inc. v. Williams, 482 U.S. at 392.

The defendant may not try to sneak a federal question through the back door by raising a federal defense, for "it is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  Caterpillar, Inc. v. Williams, 482 U.S. at 393 (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 12 (1983)).  See Nicodemus v. Union Pac. Corp., 318 F.3d 1231, 1236 (10th Cir. 2003)("It is well settled that '[a] defense that raises a federal question is inadequate to confer federal jurisdiction.'" (quoting Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986))).  While a plaintiff is free to plead a federal question in his or her complaint, "a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law

claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." Caterpillar, Inc. v. Williams, 482 U.S. at 399. Even the plaintiff can only go so far in attempting to invoke federal-question jurisdiction, because "[a]ny statements in the complaint which go beyond a statement of the plaintiff's claim and anticipate or reply to a probable defense are to be disregarded" in deciding whether federal question jurisdiction exists. Mescalero Apache Tribe v. Martinez, 519 F.2d 479, 481 (10th Cir. 1975).

In addition to the requirement that the federal question appear on the complaint's face, a "plaintiff's cause of action must either be (i) created by federal law, or (ii) if it is a state-created cause of action, 'its resolution must necessarily turn on a substantial question of federal law.'" Nicodemus v. Union Pac. Corp., 318 F.3d at 1235 (quoting Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. at 808). As for the second method, beyond the requirement of a substantial question of federal law at the heart of the case, the federal question also must be "contested." Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005). Finally, the exercise of federal-question jurisdiction also must be "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. at 318-19 (explaining that "there must always be an assessment of any disruptive portent in exercising federal jurisdiction" in accepting "garden variety" state law claims).

## ANALYSIS

Having carefully reviewed the Complaint and the relevant law, the Court dismisses this case without prejudice, because the Court lacks subject-matter jurisdiction over Drum's claims. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Complaint does not contain a short and plain

statement alleging that there is complete diversity among the parties and that the matter in controversy exceeds $75,000, or that this action arises under the Constitution, laws, or treaties of the United States.  See Caterpillar, Inc. v. Williams, 482 U.S. at 392 (citing Gully v. First Nat'l Bank, 299 U.S. at 112-13)(explaining that federal-question jurisdiction exists when "a federal question is presented on the face of the plaintiff's properly pleaded complaint"); Thompson v. Intel Corp., 2012 WL 3860748, at *12. Although the Complaint contains vague references to "discrimination" and violations of "civil rights," Complaint at 3, 6, 8, Drum does not allege that she is asserting discrimination and civil rights claims pursuant to federal law as opposed to State law, see Dutcher v. Matheson, 733 F.3d 980, 985 (10th Cir. 2013)("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction.").

Magistrate Judge Wormuth, after notifying Drum that the Complaint does not contain a short and plain statement of the grounds for the Court's jurisdiction as rule 8(a)(1) of the Federal Rules of Civil Procedure requires, ordered Drum to file an amended complaint.  See Order at 2, 6. The deadline to amend was July 9, 2024.  See Order at 3.  Drum has not filed an amended complaint.   The Court therefore dismisses: (i) Drum's claims for lack of subject-matter jurisdiction; (ii) the Complaint; and (iii) this action.

**IT IS ORDERED** that: (i) the Plaintiff's claims are dismissed without prejudice; (ii) the Plaintiff's Complaint, filed June 10, 2024 (Doc. 1), is dismissed; and (iii) this action is dismissed.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Amy Marie Drum
Milan, New Mexico

    *Plaintiff pro se*